# SUPREME COURT.

## HUGH SWIFT agt. FELIX FLANAGAN.

At common law, it was unnecessary, at any time while the parties were living, to proceed by *scire facias* to obtain *execution* of a judgment, if the first writ of *fi. fa.* had been issued in time—that is, within one year and a day. In this state, the time for the issuing the first writ was extended to *two years* from the filing of the record. (2 *R. S.* 363, § 1.)

Under the Code, an execution may be issued, of course, at any time within *five years* after the entry of judgment; but after five years from the entry of judgment, no execution can be issued, *without leave of the court, on motion,* whether there has been an *execution issued previous* to that time or not. Proceedings in the nature of *scire facias* are no longer necessary.

*Albany Special Term, Sept.,* 1855.

MOTION to set aside execution.

On the 7th of July, 1848, the plaintiff recovered a judgment against the defendant, upon which, on the 7th of September following, an execution was issued to the sheriff of Albany, which was returned unsatisfied. On the 25th of August, 1855, the plaintiff issued another execution upon the same judgment, which the defendant moved to set aside, on the ground that more than five years had elapsed since the recovery of the judgment.

N. G. KING, *for plaintiff.*

L. D. HOLSTEIN, *for defendant.*

HARRIS, Justice. At common law, a party who had recovered a judgment might, within a year and a day after the judgment had become final, issue a *fieri facias* to the sheriff of the county in which the venue had been laid. Upon the return of this writ unsatisfied, an *alias fieri facias* might be issued to the same sheriff, or a *testatum fieri facias* to the sheriff of a different county. After the *alias fieri facias,* a *pluries fieri facias* might be issued as often as necessary. These various writs were connected with the first by continuances entered upon the record. Such continuances were not, in fact, entered when the writs were issued, for the reason that the entry might be made afterwards, even after objection taken, so as to cure the irregularity. It was unnecessary, therefore, at any time, while parties to the judgment were living, to proceed by *scire facias* to obtain execution of a judgment, if the first writ of *fieri facias* had been issued in time. In this state the time for issuing this first writ was extended to *two years* from the time of filing the record of the judgment. (2 *R. S.* 363, § 1.)

But the Code has essentially changed the practice in respect to executions. The different kinds of writs known to the common-law practice are no longer to be used. A judgment which requires the payment of money is now to be enforced only by execution. Such execution may be issued to the sheriff of any

county where the judgment has been docketed. Its form and tenor are prescribed by the 289th section of the Code. It may be issued, of course, at any time within five years after entry of the judgment; and after that period by leave of the court. Proceedings in the nature of *scire facias*, to obtain execution, are no longer necessary in any case.

I am aware that in *Pierce* agt. *Craine*, (4 *How*. 257,) the common-law fiction of keeping the execution alive by the entry of continuances, was allowed to prevail, so as to sustain an execution issued more than five years after the entry of the judgment, and that in *M'Smith* agt. *Van Deusen*, (9 *How*. 245,) my brother PARKER appears to have concurred in this practice. But I can find nothing in the provisions of the Code relating to execution, which can be construed to warrant the issuing of execution in any case after five years from the entry of the judgment, without first having obtained leave for that purpose.

The 284th section declares that, " after the lapse of five years from the entry of the judgment, an execution can be issued only by leave of the court, upon motion. The process which the defendant seeks to set aside is an *execution*. It was issued after the lapse of five years from the entry of the judgment. It was issued without leave of the court. It was, therefore, issued without authority, and not the less so because another execution had been regularly issued within the time prescribed by the 283d section of the Code.

This view of the question is sustained by the decision in *Currie* agt. *Noyes*. (1 *Code, R. N. S.* 198.) In that case the motion was to set aside an order for the examination of the judgment-debtor upon proceedings supplementary to execution. The judgment had been recovered and execution issued thereon more than five years before the order was obtained. The motion was granted. MITCHELL, J., said, " Under the Code, no execution can issue without leave of the court after five years from the entry of the judgment, even if an execution had once issued within the five years ; and as the Code would not allow an execution to issue in such a case, it cannot be that it was intended to allow an order in the same case, which was to be

only in aid of the execution." This decision, though made at a special term, was subsequently affirmed by the general term, upon appeal.

The motion to set aside the execution must be granted; but as the practice in such cases has been unsettled, the plaintiff should not be charged with the costs of the motion.